IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHON FLOWERS, <br> a.k.a. KHALIDEEN SAWWA AFA, <br> TDCJ-CID NO. 652860, <br> <br> Plaintiff, <br> <br> v. <br> <br> WANDA J. ISBELLE, et al., <br> <br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-12-1165 |

**MEMORANDUM OPINION AND ORDER**

Chon Flowers, a.k.a Khalideen Sawwa Afa, an inmate at the Ferguson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) claiming that he was denied adequate medical care and was wrongly classified. Flowers names the following TDCJ-CID officials as defendants: Nurse Practitioner Wanda Jean Isbelle, Chief Classification Officer Leshia Jones, and Ferguson Unit Senior Warden David Bickham. After reviewing the complaint, the court will dismiss this action as frivolous.

**I. Claims and Allegations**

Flowers claims that Nurse Isbelle denied him adequate medical care and that all three defendants denied him a lower bunk restriction in violation of the Eighth Amendment's prohibition of

cruel and unusual punishment. Flowers states that he suffers from chronic arthritic joint pain in his lower back, shoulders, elbows, knees, and ankles. He claims that Dr. Ernestine Julye, a physician employed by the University of Texas Medical Branch (UTMB), prescribed anti-inflammatory medications Indocin and Salsalate, which helped him manage the pain from 2004 to 2008. However, Isbelle, a nurse practitioner, substituted other medications such as aspirin, Tylenol or ibuprofen. (Docket Entry No. 9, at 1-2) Flowers contends that these medications do not treat his chronic pain effectively.

Flowers complains that Nurse Isbelle also prescribed Nortrypolin [sic], which he claims is a "psychotic drug" and is not appropriate for chronic pain. Flowers alleges that he complained to Isbelle that the drug caused him to experience hallucinations and interfered with his sleep pattern by producing unwanted behavior while asleep. He further complained that the drug did nothing to reduce his pain other than to induce sleep. Isbelle responded that there was nothing wrong with Flowers and that she had done all she could do for him. Flowers admits that Isbelle started prescribing a new medication, Meloxicam, on May 12, 2012.

Flowers also complains that Isbelle violated his rights by failing to provide him with a lower bunk restriction made necessary by his shoulder ailment. He claims that his shoulder is harmed whenever he has to throw his mattress onto the top bunk when he changes the sheets or whenever he has to move from cell to cell.

(Docket Entry No. 9, at 11) He also claims that his condition is aggravated during the annual shakedown when he is required to remove all of his property from his cell. Id. Flowers alleges that his shoulder pain caused him to fall down and hurt his tail bone when he was reaching for folders on a top shelf. Id. He contends that Isbelle was aware of his need for a lower bunk restriction because of her history of providing care for his complaints and maladies.

Flowers contends Leisha Jones is answerable for his bunk assignment due to her position as chief of classification at the Ferguson Unit. He alleges that Jones was aware of his condition and that on several occasions he notified her of his need for a lower bunk. (Docket Entry No. 9, at 8) He further alleges that she acknowledged that he had a serious medical condition but did nothing to provide for a lower bunk restriction. In support of his allegation, Flowers has submitted a Health Summary Classification (HSM-18), which contains his PULHES[1] health profile as well as the restrictions imposed on him. (Docket Entry No. 9-2, at 2) Flowers contends that the HSM-18 displays his problems and sets forth the

---

[1] The military services established the "PULHES" numeric system for rating a patient's physical health by assigning a number from one to four in the following categories: Physical capacity or stamina, Upper extremities, Lower extremities, Hearing - ears, Eyes, and pSychiatric. Gossage v. United States, 91 Fed. Cl. 101, 103 n.3 (Fed. Cl. 2010). TDCJ inmates are classified for housing and work using the PULHES system. See Porter v. Thaler, No. H-12-0293, 2012 WL 2841420 (S.D. Tex. July 9, 2012).

criteria for the necessary restrictions. (Docket Entry No. 9, at 16) He further contends that Jones had access to the HSM-18 and that he had written her telling her of his condition. He reasons that Jones therefore had sufficient knowledge to be aware of his need for a lower bunk restriction yet ignored it.

Flowers contends that Warden Bickham became aware of his condition and his need for a lower bunk restriction as a consequence of the grievances Flowers filed when he was not granted a lower bunk restriction. He complains that Bickham did nothing after receiving Flowers' grievance requesting assistance, but instead forwarded the grievance to the medical department. Flowers contends that it was Warden Bickham's duty to compel the medical department to address his medical needs. Flowers requests monetary damages and injunctive relief regarding his medical issues.

## II. Analysis

To state a claim under section 1983 "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." James v. Texas Collin County, 535 F.3d 365, 373 (5th Cir. 2008), quoting Moore v. Willis Independent School Dist., 233 F.3d 871, 874 (5th Cir. 2000). In asserting a claim regarding denial of attention to a prisoner's medical or health needs, the prisoner

must present facts showing that the defendant official was deliberately indifferent to a condition that posed a risk of serious bodily injury to the plaintiff. Estelle v. Gamble, 97 S.Ct. 285, 292 (1976). The deliberate indifference standard embodies both an objective and a subjective prong. To be a viable Eighth Amendment case, the defendant's state of mind must be one of deliberate indifference to inmate health or safety. To establish deliberate indifference the prisoner must show that the prison officials (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed. Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999). The official can only be liable if he ignores a danger to an inmate after he has been made fully aware of it. Jackson v. Cain, 864 F.2d 1235, 1246-47 (5th Cir. 1989). Mere negligence on the part of a prison official is insufficient to establish Eighth Amendment culpability. Davidson v. Cannon, 106 S.Ct. 668, 670 (1986). Deliberate indifference requires less than conduct undertaken for the very purpose of causing harm, but more than negligence. See Farmer, 114 S.Ct. at 1978. The appropriate test for determining whether a defendant was deliberately indifferent is the criminal law "subjective recklessness" standard. McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

Flowers complains that the medication Nurse Isbelle gave him failed to abate his pain. Absent exceptional circumstances, it is

not enough to show that the complained of medical treatment was unsuccessful or even that the defendant was negligent or had committed medical malpractice. Sama v. Hannigan, 669 F.3d 585, 590 (5th Cir. 2012), citing Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Whether Isbelle's course of treatment was the best alternative is not an issue in this proceeding. Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). A claim of deliberate indifference can only be established by showing that "prison officials refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. quoting Domino v. Tex. Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks omitted).

Flowers complains that Nurse Isbelle substituted medication ordered by a UTMB physician. As a nurse practitioner, Isbelle is authorized to prescribe medications. See TEX. OCC. CODE Ann. Chapter 157, Subchapter B (West, Westlaw through 2011 Sess.). Her decision to use different medications than those ordered by Dr. Julye does not amount to deliberate indifference. Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999). Flowers merely disagrees with Isbelle's determination about the medication needed to treat his arthritis. This includes her alleged prescription for Nortrypolin [Nortriptyline], an antidepressant that may be prescribed for

chronic pain. See www.drugs.com. He does not show that Isbelle recklessly disregarded a serious medical problem and, therefore, has not stated an Eighth Amendment claim for deliberate indifference. Gobert, 463 F.3d at 346; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Moreover, Flowers admits that Nurse Isbelle has recently prescribed Meloxicam, a drug used for treating osteoarthritis and rheumatoid arthritis. See www.drugs.com. Flowers does not complain about the current drug treatment. Therefore, any claim for injunctive relief regarding his medication is now moot. See Oliver v. Scott, 276 F.3d 736, 741-42 (5th Cir. 2002).

Flowers also contends that Nurse Isbelle violated his rights by not restricting him to a lower bunk; however, he fails to assert facts that demonstrate that sleeping in an upper bunk causes him physical harm. He complains that his shoulder condition was aggravated when he changed the sheets or had to remove the mattress for inspection. Flowers argues that Isbelle was aware of his condition due to her extensive history of examining and treating his maladies.

Flowers' inclusion of the HSM-18 demonstrates that he was given work restrictions limiting him to sedentary work and prohibiting any job assignment requiring him to lift more than 25 pounds. (Docket Entry No. 9-2, at 2) The record of extensive attention and treatment rebuts his claim of deliberate indifference to his serious health needs. See Hernandez v. Velasquez, 522 F.3d

556, 562 (5th Cir. 2008); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Mendoza v. Lynaugh, 989 F.2d 191, 193-95 (5th Cir. 1993). Flowers has not shown that Isbelle ignored a serious medical need. Gobert, 463 F.3d 345 n.12; see also Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995).

The facts asserted by Flowers are not grounds for a finding that he had a serious need for a lower bunk and that not restricting him to one was an act of deliberate indifference. Gobert, 463 F.3d at 345 n.12. Flowers' disagreement with the assessment that no bunk restriction was necessary does not support a claim that he was denied adequate medical care; and therefore, his claim against Nurse Isbelle has no legal basis. Sama, 669 F.3d at 590-591.

Flowers contends that Chief Classification Officer Leshia Jones violated his rights by not restricting him from being assigned to an upper bunk. The Unit Classification Committee reviews an inmate's HSM-18 before making a housing or job assignment. See Willcoxson v. Thaler, No H-10-2839 (S.D. Tex. Nov. 27, 2012) (Memorandum and Order, Docket Entry No. 44, at 15-16). However, the Classification Committee does not generate the HSM-18, which is actually a product and the responsibility of the health officials. Id. Instead, the Classification Committee makes assignment decisions based on the restrictions dictated by the health officials in the HSM-18. Id. Jones' reliance on the knowledge and training of the health officials who actually

determined the necessary restrictions for Flowers defeats his claim of deliberate indifference regarding his bunk assignment. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001); Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) (prison officials are entitled to rely on the expertise of trained health care providers to assess and respond to prisoner's health and safety needs). Moreover, Flowers has failed to assert any facts or present anything beyond conclusory or speculative allegations that Jones was responsible for Flowers' housing restrictions. The restrictions contained in the HSM-18 are the responsibility of the health care workers based on their assessment of the medical records. See Willcoxson. Without a showing that Jones, a non-health care employee, was personally involved in the decision-making process, Flowers' claim against her is insupportable. Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Flowers' claim against Warden Bickham is even more attenuated than his claim against Jones. Bickham cannot be held liable merely because he is the head of the prison unit. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009). The core of Flowers' complaint against Warden Bickham is that the Warden failed to favorably respond to Flowers' grievances. The TDCJ grievance procedure was instituted to allow the prison system to resolve prisoner complaints before they are brought before the courts. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004); Wright v. Hollingsworth, 260 F.3d

357, 358 (5th Cir. 2001). As a prisoner, Flowers must exhaust his administrative remedies before filing a federal civil rights complaint. 42 U.S.C. § 1997e(a). He does not have a "federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, his claims against Warden Bickham have no basis in law.

Flowers is proceeding as a pauper in this action. An in forma pauperis complaint may be dismissed if it is frivolous. 28 U.S.C. § 1915(e). Such a complaint is frivolous if it lacks an arguable basis in law. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). This complaint is dismissed because it is frivolous. This is the third such dismissal. Flowers has previously filed a civil rights complaint alleging denial of medical care, which was dismissed as frivolous. Flowers v. Rose, No. 6:04cv27 (E.D. Tex. Oct. 18, 2004). Flowers is admonished that he will be barred from filing future prisoner civil rights complaints without paying the filing fee in advance if he accumulates another frivolous dismissal. 28 U.S.C. § 1915(g).

### III.  Conclusion

The court **ORDERS** the following:

1. The prisoner civil rights complaint (Docket Entry No. 1), filed by Inmate Chon Flowers, TDCJ-CID No. 652869, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 7th day of December, 2012.

　　　　　　　　　　　　　　　　／s／ Sim Lake
　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE